**ORDERED SEALED BY COURT**

FILED

2008 JUN 17 AM 10: 37

BY _____KNH_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEARCH WARRANTS EXECUTED AT 8015 AND 8025 SILVERTON AVENUE AND RELATED GRAND JURY SUBPOENA | Case No. 08cv0794-W (BLM)<br><br>**ORDER DENYING MOTION UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)**<br><br>***FILED UNDER SEAL*** |

On May 30, 2008, the Court heard oral argument on Western Titanium, Inc.'s ("Western") "Motion Under Federal Rule of Criminal Procedure 41(g) for Return/Suppression of Evidence Seized Pursuant to Overbroad, Nonspecific Search Warrant, or, in the Alternative, to Unseal the Affidavit on which the Warrant is Based."

Having considered Western's motion, the United States' opposition, Western's reply and the arguments presented during the hearing, and for the reasons set forth below, Western's motion is **DENIED**.

### BACKGROUND

Western is a company headquartered in San Diego, California, which sells titanium mill products. Western Mem. at 1-2. Its business generally involves converting larger blocks, bars, or pipes

of titanium into smaller, workable sizes, which customer machine shops and fabricators can then use to manufacture parts for various industries, including automotive, chemical, medical, oceanographic, oil and gas, semiconductor, aerospace, and recreational. Id.

In 2004, the United States began investigating various companies alleged to be involved in the sale and unauthorized substitution of titanium products manufactured to the military specifications developed by the Department of Defense and used in the aerospace industry. Gov't Opp'n at 2. As part of this investigation, the United States sought, and obtained, Western's voluntary cooperation. Id. Later, Western was served with a grand jury subpoena and, in response, provided the government with more than 180,000 pages of documents (roughly 80 boxes worth). Western Mem. at 4.

On April 14, 2008, this Court signed a search warrant authorizing the search of Western's offices, which was executed on April 15, 2008. Gov't Opp'n at 2. The instant motion seeks return of documents seized during that search. Western filed its motion on April 30, 2008, the United States opposed on May 19, 2008, Western filed a reply on May 23, 2008, and the matter was heard on May 30, 2008.

**LEGAL STANDARD**

Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court

>     must return the property to the movant, but may impose
>     reasonable conditions to protect access to the
>     property and its use in later proceedings.

Fed. R. Crim. P. 41(g). In construing this rule, the Ninth Circuit has concluded that a Rule 41 motion "should be granted either when the movant is aggrieved by an unlawful seizure or, if the seizure was lawful, when the movant is aggrieved by the government's continued possession of the seized property." In re Grand Jury Investigation Concerning Solid State Devices, Inc., 130 F.3d 853, 856 (9th Cir. 1997) (citing Fed. R. Crim. P. 41(e)[1] Advisory Committee Notes (1989 Amendment)). The Advisory Committee Notes following Rule 41 explain that the Fourth Amendment requires that a "reasonableness" test be applied when a person seeks to obtain the return of property. Fed. R. Crim. P. 41(e) Advisory Committee Notes (1989 Amendment); Ramsden v. United States, 2 F.3d 322, 324, 326 (9th Cir. 1993) (construing former Rule 41(e) and recognizing the reasonableness standard as applicable to Rule 41 motions for return of property).

Although Federal Rule of Criminal Procedure 41(g) ordinarily is used to seek return of property after an indictment has issued, "district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." Ramsden, 2 F.3d at 324. "These motions are treated as civil equitable proceedings, and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." U.S. v. Kama, 394 F.3d 1236, 1238

---

[1] Rule 41(g) is substantially equivalent to the prior version of Rule 41(e), which was discussed in this case.

(9th Cir. 2005) (quoting Ramsden, 2 F.3d at 324). However, the court also should take into account that "[d]enial of review in such circumstances would mean that the Government might indefinitely retain the property without an opportunity for the movant to assert on appeal his right to possession." United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir. 1987) (quoting United States v. Ryan, 402 U.S. 530, 533 (1971)).

In order to guide district courts in determining when it is appropriate to exercise equitable jurisdiction over pre-indictment Rule 41(g) motions, the Ninth Circuit has adopted factors employed by other circuits. "These factors include: 1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant would be irreparably injured by denying return of the property; and 4) whether the movant has an adequate remedy at law for the redress of his grievance." Ramsden, 2 F.3d at 325 (citing Richey v. Smith, 515 F.2d 1239, 1243-44 (5th Cir. 1975)). "If the 'balance of equities tilts in favor of reaching the merits' of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion." Kama, 394 F.3d at 1238 (quoting Ramsden, 2 F.3d at 326).

### DISCUSSION

Western filed the instant Rule 41(g) motion prior to any indictment being returned by the grand jury so this Court must first determine whether it is appropriate to exercise its equitable jurisdiction. Pivotal to this determination are the following representations by the government, all of which were confirmed on

1  the record during the hearing.  First, the government agreed to
2  provide Western with access to <u>all</u> seized documents.  Second, the
3  government stated that it has returned or will return all original
4  documents not covered by the terms of the search warrant.  Third, if
5  the government seized during execution of the search warrant a copy
6  of a document that Western previously produced pursuant to a grand
7  jury subpoena, the government confirmed that it will return the copy
8  or provide Western with a copy of the document at the government's
9  expense.  Finally, the government agreed to give Western access to
10 original documents if Western needs them for customer audits.
11       In assessing the appropriateness of exercising its equitable
12 jurisdiction in light of the government's representations, the Court
13 first considers whether the Government displayed callous disregard
14 for Western's constitutional rights.  <u>Ramsden</u>, 2 F.3d at 325.  This
15 determination hinges, in large part, upon whether or not the agents
16 involved were acting pursuant to a valid search warrant.  See <u>U.S.</u>
17 <u>v. Comprehensive Drug Testing, Inc.</u>, 513 F.3d 1085, 1103-04 (9th
18 Cir. 2008) (finding no evidence of callous disregard where agents
19 demonstrated probable cause and obtained a court-approved search
20 warrant); <u>cf</u> <u>Ramsden</u>, 2 F.3d at 352 (finding that the government
21 displayed callous disregard by searching movant's hotel room without
22 a warrant where the government had time to secure a search warrant).
23 In this case, the agent presented probable cause to support his
24 search request and obtained a search warrant, which this Court
25 believes to be valid.  In addition, the agent properly obtained a
26 second search warrant for an additional building before searching
27 that building.  While the Court is concerned by the manner in which
28 ///

the warrant was executed[2], the government's conduct after the search, including the representations made by the government during the hearing, mitigate the impropriety, if any, of the search methodology. Because the government obtained a valid search warrant and acted to minimize any improper seizure, the Court finds that, on balance, this factor does not weigh in Western's favor.

The next factor the Court must consider is whether Western has an individual interest in and need for the property it wants returned. Ramsden, 2 F.3d at 325. While Western certainly has an interest in its corporate documents, its need for the documents is ameliorated by the fact that the government has agreed to provide Western with access to all of the documents. In addition to allowing Western to make copies, the government also has agreed to work with Western in situations where Western requires access to originals for purposes of satisfying impromptu audits demands by clients. As such, this factor does not bolster Western's argument that the Court must exercise equitable jurisdiction.

Under the third factor, the Court considers whether Western will be irreparably injured if the property is not returned. Ramsden, 2 F.3d at 325. This factor does not weigh in the movant's favor if copies of the documents would satisfy the movant's business needs. Ramsden, 2 F.3d at 325-26 (finding that the district court

---

[2] As discussed during the hearing, the executing agents apparently removed several file cabinets from the search location without reviewing all of the contents to determine if the seized documents were covered by the terms of the warrant. However, after the search, the agents returned the cabinets to Western and, as set forth on page 5 *infra*, the government has agreed to return to Western all original documents not covered by the terms of the warrant and to provide Western with access to <u>all</u> seized documents.

properly discounted the injury because Ramsden failed to establish that copies of the documents would not fulfill his business needs); Zubkis v. Lange, 966 F. Supp. 985, 987 (S.D. Cal. 1997) (finding plaintiff failed to make sufficient showing where government permitted copying of all seized documents and plaintiff did not show arrangement was insufficient). Here, Western has acknowledged that copies of the documents will satisfy some of its needs. It argues, however, that it requires originals of some of the seized documents in order to comply with on-site, unscheduled client audits and that, even though the government has agreed to allow access to these originals, having to coordinate with the agent in possession of the documents on short notice (when a client arrives at the company) would cause Western undue burden and expense. Western was unable, however, to describe the original documents to which it required access or to limit its request in any way. Rather, Western insisted that the only way to prevent irreparable injury was the immediate return of all original documents. Given Western's inability or unwillingness to limit its request and the fact that the government is providing access to all documents, including original documents required for audits, the Court finds that Western's request for the return of all original documents is unreasonable and that Western will not be irreparably injured if the documents are not returned.

       Western also contends that failure to promptly produce all requested original documents in response to a customer audit may damage its business. While this may be true, these concerns do not carry the day. The Federal Rules of Criminal Procedure expressly allow for the use of search warrants (see Fed. R. Crim. P. 41) and Western was searched pursuant to a valid warrant. A company's

reputation is at risk any time it is subject to a criminal investigation, but this Court finds nothing improper about the investigation at this stage. The fact that Western may suffer some degree of inconvenience also does not satisfy the irreparable injury element, given that Western is not being denied access to the documents altogether.

Finally, the Court considers whether, if the Court does not exercise its equitable jurisdiction, Western will retain an adequate remedy at law for the redress of its grievance. Ramsden, 2 F.3d at 325. Much like the plaintiff in Zubkis, Western's motion has been rendered partially moot by the fact that the government has agreed to allow it access to all of the documents. Zubkis, 966 F. Supp. at 987. To the extent Western wishes to challenge the underlying search warrant or the admissibility of seized evidence, it may do so in a criminal proceeding if and when an indictment issues. Id. And, as this Court explained during the hearing, Western can ask this Court to revisit the instant jurisdictional ruling if new facts warrant such a request. See United States v. Martinson, 809 F.2d 1364, 1369-70 & n.5 (9th Cir. 1987). Thus, the Court finds that Western retains adequate remedies at law.

Having thus balanced the equities in light of the unique facts of this case, the Court finds that Western has not sufficiently demonstrated the prerequisites for the Court's exercise of equitable jurisdiction. Accordingly, Western's motion is **DENIED WITHOUT PREJUDICE**.[3]

---

[3] Because the Court finds it inappropriate to exercise equitable jurisdiction over this case at this time and because the affidavit accompanying the search warrant contains grand jury information, which must remain secret in

## CONCLUSION

For the foregoing reasons, Western's motion is **DENIED WITHOUT PREJUDICE**. Because this case involves an ongoing investigation, this order, like the pleadings, is being filed under seal.

**IT IS SO ORDERED.**

DATED: June 16, 2008

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE THOMAS J. WHELAN
UNITED STATES DISTRICT JUDGE

ALL COUNSEL AND PARTIES

---

accordance with Rule 6(e) of the Federal Rules of Criminal Procedure, and the criminal investigation is continuing, the Court also denies Western's motion to unseal the search warrant affidavit.